UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIGGS EQUIPMENT, INC.                    CIVIL ACTION NO. 17-cv-0536

VERSUS                                     JUDGE HICKS

SOUTHERN FRAMING &                         MAGISTRATE JUDGE HORNSBY
CONSTRUCTION, INC., ET AL.

**MEMORANDUM ORDER**

Briggs Equipment, Inc. filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on Briggs to set forth facts that establish complete diversity of citizenship. Its complaint is lacking in some respects. Briggs, to ensure that the case is not dismissed for lack of subject-matter jurisdiction, will need to file an amended complaint, seeking leave if necessary at the time under Fed. R. Civ. Pro. 15, and set forth with specificity the citizenship of all parties.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict

adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Briggs describes itself as a Delaware corporation with its principal place of business in Texas, which is adequate to allege its citizenship. Defendant Southern Framing & Construction, Inc. is described as an Alabama corporation that does business in Louisiana and has a registered agent for service in Louisiana. The complaint does not appear to allege with specificity the state in which Southern Framing has its principal place of business. The same is true with respect to Brown Builders, Inc., which is described as a Louisiana corporation with an agent for service in Louisiana. Briggs must allege with specificity the state in which each of the two defendants has its principal place of business under the "nerve center" test established in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

The court recognizes that Briggs may need to obtain information from the defendant corporations to make the proper allegations, so the court will not set a deadline for the amendment at this time. But Briggs must ensure that it meets its burden promptly; the court will not hold a scheduling conference until Briggs does so. The need to nail down citizenship with specificity at an early stage of the case was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where four years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of April, 2017.

                                                **Mark L. Hornsby**
                                                **U.S. Magistrate Judge**